**BRYAN CAVE LLP**
Marcy J. Bergman, California Bar No. 75826
Alexandra C. Whitworth, California Bar No. 303046
560 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone:     (415) 675-3400
Facsimile:      (415) 675-3434
Email:           marcy.bergman@bryancave.com
                    alex.whitworth@bryancave.com

Attorneys for Plaintiff
AIRWAIR INTERNATIONAL LTD.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIRWAIR INTERNATIONAL LTD., a company of the United Kingdom,<br><br>       Plaintiff,<br><br>vs.<br><br>WANTED SHOES, INC., a New Jersey Corporation; and DOES 1-50,<br><br>       Defendants. | Case No.<br><br>**COMPLAINT FOR**<br><br>**(1)   FEDERAL TRADEMARK INFRINGEMENT**<br>**(2)   FEDERAL FALSE DESIGNATION OF ORIGIN**<br>**(3)   TRADEMARK DILUTION**<br>**(4)   CALIFORNIA STATUTORY UNFAIR COMPETITION**<br>**(5)   COMMON LAW UNFAIR COMPETITION**<br>**(6)   CALIFORNIA STATUTORY TRADEMARK DILUTION**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Date Action Filed: |

BRYAN CAVE LLP
560 MISSION STREET, SUITE 2500
SAN FRANCISCO, CALIFORNIA 94105

1.      Plaintiff AIRWAIR INTERNATIONAL LTD. is a wholly owned subsidiary of Dr. Martens AirWair Group Ltd. and is engaged in the design, manufacture, marketing, and sale of Dr. Martens® footwear (Airwair International Ltd. and Dr. Martens AirWair Group Ltd. are referred to collectively hereafter as "AirWair").  Airwair International Ltd. is a company of the United Kingdom, located and doing business at Cobbs Lane, Wollaston, Wellingborough, Northamptonshire, NN29 7SW, United Kingdom.

2.      On information and belief, Defendant WANTED SHOES, INC. ("Wanted" or "Defendant") is a New Jersey corporation located and doing business at 48 Ethel Rd., Edison, New Jersey, 08817.

3.      On information and belief, Wanted is a wholesale distributor that markets, distributes, and sells footwear products within this District through numerous retailers and e-tailers such as Amazon, Century 21, and Department Shoe Warehouse, among others. Wanted also markets, distributes, and sells footwear products in this District through its website, http://www.wantedshoes.com.  Wanted's footwear products are the subject matter of this action.

4.      Defendants sued as DOES 1 through 50 are persons or entities whose identities are not yet known to AirWair ("Doe Defendants").  Plaintiff will seek leave of Court to substitute their true names when they become known.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a), in that this case arises under the trademark laws of the United States, 15 U.S.C. §§ 1051 et seq.

6.      This Court has pendant jurisdiction under 28 U.S.C. § 1338(b), in that this case arises under claims joined with a substantial and related claim under the trademark laws of the United States.

7.      This Court has personal jurisdiction over Defendant under Federal Rule of Civil Procedure 4(k)(1)(A) and California Code of Civil Procedure 410.10 because Defendant has sufficient minimum contacts with the United States and California.

SF01DOCS\288529.1\C070820\0390774

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant conducts business within this District and has engaged in, and continues to engage in, acts of advertising and offering services and retail goods and products to consumers located within this District.

## FACTUAL ALLEGATIONS

9.      AirWair is headquartered in the village of Wollaston, England and, through its predecessor company, has manufactured footwear since 1901.  AirWair has been manufacturing and marketing Dr. Martens® footwear since 1960.  Dr. Martens footwear is famous worldwide, and has been sold in England and throughout Europe; in Japan, China, Korea, Malaysia, Hong Kong, Thailand, Vietnam, and other Asian countries; in the United States, Canada, Mexico, and Central and South America; in Australia and New Zealand; and in the Middle East.

10.      Since as early as 1984, AirWair has marketed and sold Dr. Martens boots, shoes, and sandals in the United States using a distinctive trade dress that features yellow stitching in the welt area of the sole, a two-tone grooved sole edge, the distinctive DMS sole pattern, and a black fabric heel loop.

11.      Dr. Martens footwear is widely recognized and extremely popular and has achieved recognition as ranking among the world's greatest and most recognizable brands. The distinctive trade dress of its iconic boots and shoes has been used by the company since 1960 and is world famous.  Over the past 30 years, millions of pairs of shoes, boots, and sandals with the distinctive trade dress have been sold in the United States.

*[balance of page intentionally left blank]*

BRYAN CAVE LLP
560 MISSION STREET, SUITE 2500
SAN FRANCISCO, CALIFORNIA 94105

12.     AirWair holds many registrations for its trade dress throughout the world including the following registrations in the United States Patent and Trademark Office:

| Trade Dress Mark[1] | Design Element (where applicable) | Goods/Service |
|---|---|---|
| **Footwear Design (The "DMS undersole")** *(incontestable mark) 2,102,468 10/07/1997<br><br>Attached as **Exhibit 1** |  | Class 25: Footwear<br><br>Notes:  The mark consists of the design of an undersole.  The phantom lining is not a part of the mark, but merely indicates the position of the mark. |
| **Footwear Design** *(incontestable mark) 2,437,750 03/27/2001<br><br>Attached as **Exhibit 2** |  | Class 25: Footwear<br><br>Notes:  The mark consists of a welt stitch located around the perimeter of footwear. The phantom lining is not a part the mark, but merely indicates the position of the mark.  The drawing of the welt stitch is lined for the color yellow and claim is made to color. |
| **Footwear Design** *(incontestable mark) 2,437,751 03/27/2001<br><br>Attached as **Exhibit 3** |  | Class 25: Footwear<br><br>Notes:  The mark consists of the combination of yellow stitching in the welt area and a two-tone grooved sole edge.  The drawing of the welt stitch is lined for the color yellow, and claim is made to color. |

1 An "*" denotes that a declaration of continued use has been filed under Section 15 of the Lanham Act and the mark has become incontestable.

BRYAN CAVE LLP
560 MISSION STREET, SUITE 2500
SAN FRANCISCO, CALIFORNIA 94105

SF01DOCS\288529.1\C070820\0390774



| Footwear Design 2,104,349 10/7/1997 (Supp.)  Attached as **Exhibit 4** | | Class 25: Footwear  Notes:  The mark consists of the design of a sole edge including longitudinal ribbing, and a dark color band over a light color.  The phantom lining is not a part of the mark, but merely indicates the position of the mark. |
|---|---|---|
| Footwear Design 2,341,976 04/11/2000 (Supp.)  Attached as **Exhibit 5** | | Class 25: Footwear  Notes:  The mark consists of longitudinal ribbing and a dark color band over a light color on the outer sole edge, welt stitching, and a tab located at the top back heel of footwear. |

13.     All of the above trade dress of Dr. Martens footwear ("Dr. Martens Trade Dress") has been in use in the United States since at least 1984.

14.     AirWair has filed declarations of continued use under Sections 8 and 15 of the Lanham Act for Dr. Martens Trade Dress marks referenced in Exhibits 1, 2, and 3, and those marks have thus become incontestable.

15.     The Dr. Martens Trade Dress is unique and distinctive when applied to the Dr. Martens footwear and related merchandise, and identifies the merchandise as high-quality goods from AirWair.  The registration of these marks constitutes *prima facie* evidence of their validity, and conclusive evidence of AirWair's exclusive right to use the Dr. Martens Trade Dress in connection with the goods identified therein and other commercial goods.

16.     The Dr. Martens Trade Dress marks qualify as famous marks, as that term is used in 15 U.S.C. § 1125(c)(1), and such marks have been continuously used and never abandoned.

BRYAN CAVE LLP
560 MISSION STREET, SUITE 2500
SAN FRANCISCO, CALIFORNIA 94105

SF01DOCS\288529.1\C070820\0390774

BRYAN CAVE LLP
560 MISSION STREET, SUITE 2500
SAN FRANCISCO, CALIFORNIA 94105

17.     In 2010, AirWair celebrated the 50th anniversary of its classic Dr. Martens footwear with its distinctive Trade Dress.  An example of classic Dr. Martens footwear is shown below.




18.     The Dr. Martens Trade Dress and each of the distinctive elements thereof are distinctive or have acquired distinctiveness, and are non-functional.

19.     AirWair is informed and believes that Defendant Wanted has marketed, distributed, and sold footwear that is confusingly similar to and that unlawfully copies the Dr. Martens Trade Dress and various distinctive features of Dr. Martens footwear in violation of AirWair's rights ("the Infringing Footwear").

20.     The Infringing Footwear manufactured, marketed, and sold by Defendant includes the "Platinum Bootie"  pictured in **Exhibit 6** attached hereto.

21.     The Infringing Footwear unlawfully copies and uses the Dr. Martens Trade Dress and distinctive features of Dr. Martens footwear, including the two-tone grooved sole edge, beige stitching in the welt area, and heel loop.

 

**Genuine Dr. Martens® 1460 Boot**          **Wanted Infringing "Platinum Bootie"**

22.     AirWair is informed and believes that the Infringing Footwear is regularly sold in California and in the Northern District of California.

23.     Wanted's offering for sale and sale of the Infringing Footwear is likely to cause and has caused confusion between Dr. Martens footwear and Wanted's footwear.

24.     Upon information and belief, Wanted is familiar with the Dr. Martens brand and its famous Trade Dress, which is and has been sold throughout the world for more than 50 years.  Wanted intentionally copied the Dr. Martens Trade Dress in its Infringing Footwear in order to capitalize on the reputation and fame of the Dr. Martens brand.  This is an "exceptional case" of infringement within the meaning of 15 U.S.C. §§ 1117(b) and 1117(a)(3) because Wanted knowingly and intentionally sold the Infringing Footwear, and AirWair is therefore entitled to treble damages and attorneys' fees.

25.     The use of the Dr. Martens Trade Dress on the Infringing Footwear suggests a sponsorship and affiliation that does not exist.

26.     Wanted has no right to use the Dr. Martens Trade Dress.  Wanted's sale, advertisement, distribution, and promotion of the Infringing Footwear in the United States is without authorization or consent from AirWair.

27.     Wanted's conduct in copying the Dr. Martens Trade Dress has been systematic and deliberate.  Wanted has copied the Dr. Martens Trade Dress, and the

SF01DOCS\288529.1\C070820\0390774

1   overall style and configuration of Dr. Martens boots and shoes in a deliberate and

2   calculated attempt to trade upon the popularity and distinctive appearance and design of

3   Dr. Martens footwear.

4          28.    By reason of Wanted's acts, AirWair has suffered and will continue to suffer

5   damage to its business, reputation, and goodwill, and the loss of sales and profits AirWair

6   would have realized but for Wanted's acts.  Unless restrained and enjoined, Wanted will

7   continue to engage in the acts complained of and irreparably damage AirWair.  AirWair's

8   remedy at law is not adequate to compensate AirWair for all the resulting injuries arising

9   from Wanted's actions.

10                        **FIRST CLAIM FOR RELIEF**

11                    **(Trademark Infringement in Violation of**

12                    **Lanham Act Section 32, 15 U.S.C. § 1114)**

13         29.    AirWair realleges and incorporates by reference paragraphs 1 through 28 of

14   this Complaint.

15         30.    Defendant has, on or in connection with footwear products, used in

16   commerce subject to regulation by the U.S. Congress, a reproduction, counterfeit, copy or

17   colorable imitation of the Dr. Martens Trade Dress in connection with the sale, offering for

18   sale, distribution, and/or advertising of goods and services, which use is likely to cause

19   confusion, or to cause mistake, or to deceive.

20         31.    Defendant has, on or in connection with footwear products, reproduced,

21   counterfeited, copied and/or imitated the Dr. Martens Trade Dress and has applied such

22   reproductions, counterfeits, copies and/or colorable imitations to footwear, signs, displays,

23   advertisements, promotional materials, packaging, website content, and other materials

24   used in commerce in connection with the sale, offering for sale, distribution, or advertising

25   of goods and services, which use is likely to cause confusion, or to cause mistake, or to

26   deceive.

27         32.    Defendant is acting and has acted with knowledge that its copying and use of

28   the Dr. Martens Trade Dress is unauthorized, and such imitation is intended to cause

BRYAN CAVE LLP
560 MISSION STREET, SUITE 2500
SAN FRANCISCO, CALIFORNIA 94105

8
COMPLAINT

1  confusion, or to cause mistake, or to deceive.

2      33.    Defendant's acts are in violation of 15 U.S.C. § 1114, and AirWair has been

3  and is likely to be damaged by these acts.

4                          **SECOND CLAIM FOR RELIEF**

5      **(Federal Unfair Competition and False Designation of Origin**

6      **in Violation of Lanham Act Section 43(a), 15 U.S.C. § 1125(a))**

7      34.    AirWair realleges and incorporates herein by reference paragraphs 1 through

8  33 of this Complaint.

9      35.    Defendant's unlawful copying and use of the Dr. Martens Trade Dress in

10 connection with their footwear products is a false and misleading designation of origin and

11 a false and misleading representation of facts, which:

12          (a)    is likely to cause confusion, or to cause mistake, or to deceive as to

13 the affiliation, connection, or association of Defendant with AirWair, or as to the origin,

14 sponsorship, or approval of Defendant's goods or commercial activities by AirWair; and/or

15          (b)    in commercial advertising or promotion, misrepresent the nature,

16 characteristics, or qualities of Defendant's goods, services, or commercial activities.

17     36.    Defendant's acts are in violation of 15 U.S.C. § 1125(a), and AirWair has

18 been and is likely to be damaged by these acts.

19

20                          **THIRD CLAIM FOR RELIEF**

21      **(Federal Trademark Dilution in Violation of**

22      **Lanham Act Section 43(c), 15 U.S.C. § 1125(c))**

23     37.    AirWair realleges and incorporates herein by reference paragraphs 1 through

24 36 of this Complaint.

25     38.    The Dr. Martens Trade Dress are distinctive and famous in the United States.

26 Defendant has used and is using trade dress on its footwear products that is substantially

27 indistinguishable from the Dr. Martens Trade Dress, after they became famous.

28     39.    On information and belief, Defendant acted with knowledge of the fame and

BRYAN CAVE LLP
560 MISSION STREET, SUITE 2500
SAN FRANCISCO, CALIFORNIA 94105

9
SF01DOCS\288529.1\C070820\0390774

reputation of the Dr. Martens Trade Dress with the purpose of usurping such rights and to willfully and intentionally confuse, mislead, and deceive members of the public.

40.     Defendant's actions have and are likely to dilute, blur, and tarnish the distinctive quality of the Dr. Martens Trade Dress, and lessen the capacity of the Dr. Martens Trade Dress to identify and distinguish the company's products.

41.     Defendant's acts are in violation of 15 U.S.C. § 1125(c), and AirWair has been and is likely to be damaged by these acts.  Unless Defendants are restrained, AirWair will continue to suffer damages and injury to its reputation and goodwill.

42.     Because Defendants acted willfully and intentionally to trade on AirWair's reputation and/or cause dilution of its famous Dr. Martens Trade Dress, AirWair is entitled to damages, extraordinary damages, fees and costs pursuant to 15 U.S.C. § 1125(c)(2).

## FOURTH CLAIM FOR RELIEF

### (Unfair Competition in Violation of California Business & Professions Code Section 17200, et seq.)

43.     AirWair realleges and incorporates herein by reference paragraphs 1 through 42 of this Complaint.

44.     Defendant's acts including the unlawful use and imitation of the Dr. Martens Trade Dress in connection with the manufacture, marketing, distribution, and sale of footwear products constitute an unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising, in violation of California Business and Professions Code §§ 17200, et seq.

45.     Defendant's pattern and practice of imitating the Dr. Martens Trade Dress in connection with their footwear products, and of trading upon AirWair's goodwill and reputation, constitutes an unfair business practice in violation of California Business and Professions Code §§ 17200, et seq.

46.     Defendant's conduct was willful, and AirWair has been and is likely to be damaged by these acts.

BRYAN CAVE LLP
560 MISSION STREET, SUITE 2500
SAN FRANCISCO, CALIFORNIA 94105

BRYAN CAVE LLP
560 MISSION STREET, SUITE 2500
SAN FRANCISCO, CALIFORNIA 94105

### FIFTH CLAIM FOR RELIEF

### (Common Law Unfair Competition)

47.     AirWair realleges and incorporates by reference paragraphs 1 through 46 of this Complaint.

48.     Defendant's use and imitation of the Dr. Martens Trade Dress and the combination of its style features in footwear constitutes infringement, copying, imitation, and misappropriation of AirWair's intellectual property, unjust enrichment of Defendant, and unfair competition with AirWair in violation of AirWair's rights under the common law of the State of California and other states of the United States.

49.     Defendant's willful acts of misrepresentation, fraud, and deceit have unjustly enriched Defendant and violated AirWair's rights.

### SIXTH CLAIM FOR RELIEF

### (Dilution in Violation of California Business &

### Professions Code Section 14247, et seq.)

50.     AirWair realleges and incorporates by reference paragraphs 1 through 49 of this Complaint.

51.     The Dr. Martens Trade Dress have become famous, in that they are widely recognized by the general consuming public of this state as a designation of source AirWair's high-quality goods and services.

52.     After the Dr. Martens Trade Dress became famous, Defendant began using trade dress and trademarks in connection with the Infringing Footwear that are substantially identical to the Dr. Martens Trade Dress.

53.     Defendant's actions have diluted, blurred, and tarnished the strong and positive associations represented by the Dr. Martens Trade Dress by lessening the capacity of the Dr. Martens Trade Dress to identify and distinguish AirWair's products and by causing AirWair's products and the Dr. Martens Trade Dress to be associated with footwear not made, sponsored, or approved by AirWair.

54.     Defendant's acts are in violation of California Business & Professions Code

SF01DOCS\288529.1\C070820\0390774

1  sections 14247, et seq., and AirWair has been and is likely to be damaged by these acts.

2  **PRAYER FOR RELIEF**

3  Wherefore, AirWair prays for judgment in its favor and against Defendant:

4  A.  A preliminary and permanent injunction enjoining Defendant, its officers,

5  shareholders, agents, servants, employees, attorneys, successors and assigns, suppliers,

6  manufacturers, distributors, business partners, e-tailers, retailers, and those in privity with

7  them, and those persons in active concert or participation with any of them who receive

8  actual notice of the judgment by personal service or otherwise, from manufacturing,

9  marketing, distributing or selling the Infringing Footwear or any other footwear products

10  that use, imitate or copy any of the Dr. Martens Trade Dress or Trademarks, as illustrated

11  in **Exhibits 1-5**, or any combination of them.

12  B.  An Order directing Defendant to file with this Court and serve on AirWair's

13  counsel within 30 days after service of an injunction, a report under oath setting forth in

14  detail the manner and form in which Defendant has complied with the injunction.

15  C.  An Order that (1) all point-of-sale materials, labels, signs, boxes, prints,

16  catalogs, line sheets, marketing materials, internet web pages, metatags, packages, papers,

17  other trade dress, and advertisements in the possession or control of Defendant bearing

18  images, illustrations, or representations of the enjoined footwear, Trade Dress,

19  Dr. Martens® name, and undersole patterns, and all plates, molds, matrixes, and other

20  means of making the same, be delivered to AirWair's counsel or destroyed in accordance

21  with written instructions from AirWair; (2) that Defendant disclose the identities of the

22  vendors, manufacturers, distributors, suppliers, retailers, and e-tailers of the Infringing

23  Footwear, sole molds, and undersole; (3) all footwear bearing any of the Trade Dress

24  features identified in Exhibits 1-5 hereto be delivered to AirWair or destroyed in

25  accordance with written instructions from AirWair; and (4) all internet advertising,

26  including keywords, adwords, metatags, sponsored ads, links, and other advertising that

27  uses or refers to Dr. Martens, DOCS, DMs, or any version of the Dr. Martens Trade Dress

28  be immediately discontinued and removed from operation or view.

BRYAN CAVE LLP
560 MISSION STREET, SUITE 2500
SAN FRANCISCO, CALIFORNIA 94105

BRYAN CAVE LLP
560 MISSION STREET, SUITE 2500
SAN FRANCISCO, CALIFORNIA 94105

1  D.  An accounting for Defendant's profits arising from Defendant's unfair

2 competition and trademark infringement and an award of Defendant's profits to Plaintiff,

3 including disclosure of the number of pairs of Infringing Footwear sold in the United

4 States and internationally and an accounting for the gross revenue derived from sale of the

5 Infringing Footwear.

6  E.  An award of damages sustained by Plaintiff.

7  F.  In the alternative to actual damages and profits, an award of statutory

8 damages in an amount of not more than $1,000,000 per counterfeit mark per type of

9 services and/or goods sold or offered for sale by Defendant.

10  G.  An award of treble the actual damages awarded.

11  H.  Pre-judgment and post-judgment interest on the above damage awards.

12  I.  An award of costs and reasonable attorney's fees and expenses incurred by

13 AirWair in connection with this action.

14  J.  Such other and further relief that this Court may deem just.

15

16

17

18

19 **DEMAND FOR JURY TRIAL**

20  AirWair hereby demands a trial by jury.

21

22 Dated:  October 6, 2016    **BRYAN CAVE LLP**

23

24      By: */s/ Alexandra C. Whitworth*

25        Marcy J. Bergman
        Alexandra C. Whitworth

26      Attorneys for Plaintiff
      AIRWAIR INTERNATIONAL LTD.

27

28

13
COMPLAINT